## Wytheville.

### SHORT v. COMMONWEALTH.

#### JUNE 29th, 1893.

1. CRIMINAL PROCEEDINGS—*Impannelling Jury.*—A person summoned as one of a panel of sixteen free from exception, who at the time of selecting the jury is serving on the grand jury, is not "in attendance," in the sense of Code, § 4019; and it is not error to refuse to place him on the panel, or examine him on his *voir dire.*

2. IDEM—*Objections too late.*—In the appellant court objection cannot be made for the first time that a person served on the jury without being selected by the court or summoned by the sheriff.

Error to judgment of circuit court of Russell county, rendered March 16, 1893, affirming a judgment of the county court of said county, sentencing the plaintiff in error, Thomas Short, to confinement in the penitentiary for eighteen years, in accordance with the verdict of the jury, for the murder of T. F. McGaw. Opinion states the case.

*J. C. Gent*, for plaintiff in error.

*Attorney-General R. Taylor Scott*, for the commonwealth.

LEWIS, P., delivered the opinion of the court.

This is a writ of error to a judgment of the circuit court of Russell county, affirming a judgment of the county court of that county, sentencing the plaintiff in error to confinement in the penitentiary for murder in the second degree.

The principal ground of error is that the jury was not selected and impannelled in the manner provided by law.

It appears that after a panel of sixteen persons had been obtained from those summoned, and before the jury had been sworn, the prisoner challenged the whole array, and moved to quash the panel on the ground that Thomas Johnson, who had been summoned from the first list furnished by the judge, had not been placed on the panel, or sworn on his *voir dire.* The trial court, however, certifies, as the ground of its action in overruling the motion, that "before the calling of the *venire* in this case, Johnson had been impannelled as a grand juryman," and was serving as such when the jury was selected and sworn.

It is contended that the court ought to have withdrawn Johnson from the grand jury, and required him to be sworn on his *voir dire*, and placed on the panel, if found free from exception; and that, in consequence of the ruling of the court in this particular, the prisoner has not been convicted by "due process of law," or according to the law of the land.

There is nothing, however, in this objection. The statute provides that in any case of felony, where a sufficient number of jurors to constitute a panel of sixteen free from exception cannot be had from those summoned and *in attendance*, the court may direct another *venire facias* (as was done in this case), and cause to be summoned from the bystanders, or from a list to be furnished by the court, so many persons as may be deemed necessary to complete the panel. Code, § 4019.

In the present case Johnson's name was on the original list furnished by the judge, but when he was called, he was not "in attendance" within the meaning of the statute, because he was at the time serving on the grand jury; and this was sufficient justification for the ruling objected to.

Another point, which is made for the first time in the brief of the counsel for plaintiff in error, is that "S. H. Wyatt served on the jury without being selected by the court or summoned by the sheriff."

Opinion.

It appears that there were two writs of *venire facias* in the case, and two lists furnished by the court or judge, and that the only Wyatt whose name was on either list was "*Dick* Wyatt." The only Wyatt on the petit jury was S. H. Wyatt. This, however, may be a mistake in copying the record, or "Dick" may have been a nickname. But be that as it may, there was no objection to the juror in the trial court, and that is decisive of the point now made, there being nothing in the record to show that the prisoner was injured by the irregularity complained of, if in fact any such irregularity in the proceedings occurred.

The statute is express that "no irregularity in any writ of *venire facias*, or in the drawing, summoning, returning, or impannelling of jurors, shall be sufficient to set aside a verdict, unless the party making the objection was injured by the irregularity, or unless the objection was made before the swearing of the jury." Code, § 3156; Acts 1887–'88, p. 18.

It is hardly necessary to notice the only remaining assignment of error, which is that the court itself certifies that "the jury had not been selected in the manner provided by law," because it is obvious from the context that this is certified, not as the conclusion of the court, but as one of the grounds of the prisoner's objection to the manner in which the jury had been impannelled.

JUDGMENT AFFIRMED.